**Mario Ruben Garcia SEPULVEDA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 04–60005.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 15, 2004.

Thomas F. Perkinson, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Jay D. Majors, U.S. Department of Justice, Washington, DC, Hipolito Acosta, Houston, TX, Caryl G. Thompson, New Orleans, LA, for Respondent.

John Ashcroft, U.S. Department of Justice, Washington, DC, pro se.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Mario Ruben Garcia Sepulveda petitions for review of the Board of Immigration Appeals' ("BIA") opinion that affirmed the decision of the Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture Act. As Sepulveda does not specifically challenge the IJ's denial of his request for relief under the Convention

---

Against Torture, that issue is deemed abandoned. *See Calderon–Ontiveros v. INS,* 809 F.2d 1050, 1052 (5th Cir.1986).

Sepulveda argues that the IJ's finding that he failed to demonstrate past persecution or a well-founded fear of future persecution is not supported by substantial evidence in light of his testimony and the evidence he submitted at the immigration hearing. We review the IJ's decision because the BIA summarily affirmed the IJ's decision, thereby making it the final agency decision. *See Soadjede v. Ashcroft,* 324 F.3d 830, 832 (5th Cir.2003). We will uphold the IJ's determination that Sepulveda is not eligible for asylum if it is supported by substantial evidence. *Faddoul v. INS,* 37 F.3d 185, 188 (5th Cir.1994). To reverse the IJ's determination that Sepulveda is not eligible for asylum, he must demonstrate the evidence was so compelling that no reasonable factfinder could conclude against it. *Chun v. INS,* 40 F.3d 76, 78 (5th Cir.1994).

Sepulveda failed to make the requisite showing. Accordingly, the petition for review is DENIED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.